74

THE STATE OF OHIO, APPELLEE, *v.* MYERS, APPELLANT.

[Cite as State v. Myers (1978), 53 Ohio St. 2d 74.]

(No. 77-133—Decided February 8, 1978.)

*Mr. David J. Rohrer,* for appellee.

*Johnson & Johnson Co., L. P. A.,* and *Mr. Michael C. Johnson,* for appellant.

*Per Curiam.* Appellant bases his appeal on his belief that a conviction of complicity in which the identity of an offender is established by the testimony of an accomplice is invalid pursuant to R. C. 2923.03(D), effective January 1, 1974, unless said testimony is supported by other probative evidence. There was evidence by witnesses other than Willoughby to support a jury finding that the crime charged was committed, but there was no evidence other than the testimony of Willoughby identifying the appellant as one of the three persons involved.

R. C. 2923.03(D) relates to "complicity" and provides:

"No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

This statute was enacted after the decision in *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, in which paragraph three of the syllabus reads:

"A conviction may be based upon the uncorroborated testimony of an accomplice, except where otherwise specifically provided by statute."

The exception provided for by the statute changes the general rule recognized by this court in *State* v. *Flonnory, supra.* In this day of plea bargaining and immunized testimony, and under such a statute, it is vitally important that one implicating an accomplice do something more than point a finger. His testimony must be corroborated by some other fact, circumstance, or testimony which also points to the identity of the one he accuses as a guilty actor.* The specific statutory language of R. C. 2923.03 (D) is otherwise meaningless.

---

*In view of the independent finding by the Court of Appeals that "the claim of Willoughby that Myers was linked with the crime is uncorroborated," with which we concur, we need not determine how much corroboration is sufficient. However, where other states have required, by statute or judicial decision, corroboration of accomplice testimony, the test has generally been "'to eliminate from consideration the evidence of the accomplice witness and then to examine the evi-

Appellant's conviction and sentence must be set aside. Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

dence of other witnesses with the view to ascertain if there be inculpatory evidence * * * which tends to connect the defendant with the commission of the offense.'" *Forbes* v. *State* (Tex. Crim. App. 1974), 513 S. W. 2d 72, 76, certiorari denied, 420 U. S. 910.

See *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, 330, at footnote 8, a case subsequent to *State* v. *Flonnory, supra,* for an explication of the rules in the various jurisdictions regarding corroboration of accomplice testimony.