The State of Ohio, Appellee, *v.* Vorys, Appellant.

(No. 78-34—Decided December 4, 1978.)

*Mr. James W. Luse,* prosecuting attorney, for appellee.

*Mr. J. Boyd Binning,* for appellant.

LEACH, C. J. R. C. 2923.03, a part of the new Criminal Code, effective January 1, 1974, provides, in relevant part:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(2) Aid or abet another in committing the offense;

" * * *

"(D) No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

In essence, appellant contends that his conviction must be set aside upon the basis that the language of R. C. 2923.03 (D), "solely upon the testimony of an accomplice," has reference to the testimony of a class of persons, regardless of number, and that the testimony herein by White and Childers (admittedly accomplices) was "unsupported by other evidence."

The majority of the Court of Appeals affirmed the judgment of conviction based upon the conclusion that the testimony of a second accomplice supports the testimony "of an accomplice," and thus R. C. 2923.03 (D) is not applicable where more than one accomplice testifies. However, the concurring judge, in effect, concluded that the language "an accomplice" has reference to the testimony of all accomplices, regardless of number, and conviction can be had only where, excluding the testimony of all accomplices, there is evidence from another source which "supports" the testimony of the accomplices; but he concurred in the judgment of affirmance upon the basis that the record indicated that there was "other evidence" which was legally sufficient to support the testimony of the accomplices.[1]

At common law the testimony of an accomplice, although entirely without corroboration, will, if otherwise

---

[1] In view of the conclusion reached herein, we need not determine how much corroboration would have been required for conviction if such conviction were based "solely upon the testimony" of a single accomplice. See the footnote in State v. Myers (1978), 53 Ohio St. 2d 74, 75-76, quoting from Forbes v. State (Tex. Crim. App. 1974), 513 S. W. 2d 72, 76. In Forbes, the court, at page 77, also stated that "[i]t should be borne in mind that the State need not corroborate its accomplice witness upon all of his or her testimony, for the requirement of the law goes no further than to demand that there be testimony other than that of the accomplice witness which in and of itself tends to connect the accused with the crime alleged." (Emphasis sic.)

sufficient, support a verdict and judgment of conviction.[2] 30 American Jurisprudence 2d 327, Evidence, Section 1151.

Prior to January 1, 1974, Ohio followed the common law rule. *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124. Paragraph three of the syllabus in *Flonnory* reads:

"A conviction may be based upon the uncorroborated testimony of an accomplice, except where otherwise specifically provided by statute."

By the enactment of R. C. 2923.03 (D), Ohio has now changed the general rule recognized by this court in *State* v. *Flonnory, supra*. In *State* v. *Myers* (1978), 53 Ohio St. 2d 74, R. C. 2923.03 (D) was applied as requiring a judgment of conviction to be set aside in a case where the only evidence linking the defendant with the crime was that supplied by one witness who was an accomplice.

A study of the relatively few cases outside of Ohio which have passed upon the question involved herein reveals a split of authority, based upon a difference in approach. One approach is illustrated by the holding of the Court of Appeals of New York in *People* v. *O'Farrell* (1903), 175 N. Y. 323, 67 N. E. 588, and the other approach by the holding of the Supreme Court of Georgia in *Pope* v. *State* (1931), 171 Ga. 655, 156 S. E. 599.

In *People* v. *O'Farrell, supra*, and without extended discussion, the court concluded, at page 327, that:

"* * * The obvious purpose of that statute was not to secure the evidence of more than one accomplice, but related to the quality of the evidence rather than the quantity, and was to forbid the conviction of any person upon the evidence of an accomplice or accomplices, unless corroborated by other evidence."

---

[2] Many courts, however, in the exercise of their common law powers, have instructed the jury that the testimony of an accomplice should be carefully examined and considered with caution. The trial judge herein specifically charged the jury to such effect. No request was made that the trial court instruct the jury as to any limitation contained in R. C. 2923.03(D). At the conclusion of the court's jury instructions, inquiry was made as to whether there were any additions or corrections to the charge on behalf of the defendant, to which counsel for defendant stated that there were none.

In *Pope* v. *State, supra,* the question presented was whether a defendant in a felony case could be legally convicted "where the only evidence directly connecting him with the offense charged is the testimony of several accomplices, and where the only corroboration of the testimony of each accomplice is the testimony of other accomplices." The court therein concluded in effect that to construe the statute as forbidding a conviction under such circumstances, regardless of the otherwise probative value of the evidence, would mean that "the testimony of the accomplice amounted to 'nothing,' and that to corroborate such testimony with the testimony of another accomplice would be to add nothing to nothing, the result still being nothing." The court stated, at page 656:

"* * * If the lawmakers had intended to treat as a nullity the testimony of the witness who was an accomplice, they would undoubtedly have used a more definite term by simply declaring that an accomplice shall be incompetent as a witness. The mere fact that the statute provides for corroboration of an accomplice demands the construction that the testimony of an accomplice is not a nullity, but on the contrary that the testimony of an accomplice, standing alone. while not entitled to full credit, as in the case of a witness in no way discredited, still may be considered by the jury, and, when corroborated by other circumstances, a conviction may be justified. There is no limitation placed upon the character or standing of witnesses by whom other circumstances may be proved."

This court is in agreement with the analysis of the question in *Pope, supra,* recognizing, as did the majority of the Court of Appeals, that if the General Assembly intended by the provisions of R. C. 2923.03 (D) to preclude all convictions based solely upon testimony of accomplices, unless supported by evidence having some other source, it could easily have done so by the employment of clear language. Here, the statutory reference is not to "testimony of accomplices" but to *"the testimony of an accomplice."* This court rejects the assertion that the General Assembly, by the enactment of R. C. 2923.03 (D), was concerned only

with the quality of the evidence and in no way concerned with its quantity. Ohio has customarily enacted statutes precluding conviction based solely upon the testimony of a designated number of witnesses. For example, R. C. 2921.-11 (E), enacted as a part of the same Criminal Code, effective January 1, 1974, provides that no person shall be convicted of perjury "where proof of falsity rests solely upon contradiction by testimony of one person other than defendant." Prior to January 1, 1974, former R. C. 2945.-62 provided that perjury "must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances."

Absent clear language to such effect, this court is not persuaded that the General Assembly intended to so drastically depart from the common law[3] and thus preclude a conviction regardless of the number of witnesses and the probative weight given thereto by the jury as the trier of the fact.

Crim. R. 29(A) directs the trial court to enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." The trial court in considering whether the evidence is "insufficient to sustain a conviction," is not required, as a matter of law, to enter judgment of acquittal merely because the corroborative evidence as to the "testimony of an accomplice" is supplied by another witness (competent to testify) who is also an accomplice.[4]

This court holds that R. C. 2923.03(D), which provides that no person shall be convicted of complicity "solely upon the testimony of an accomplice, unsupported

---

[3]It is not to be presumed that the General Assembly intended to modify a common law rule further or otherwise than the act expressly declares, or clearly and unmistakenly imports. 50 Ohio Jurisprudence 2d 270, Statutes, Section 286.

[4]Our conclusion in this respect should not be construed as holding, or even implying, any dilution of the duty of the trial court, under Crim. R. 29, to enter judgment of acquittal where, from a consideration of all the evidence, the trial court concludes it to be insufficient for conviction.

by other evidence." does not require the trial court to enter a judgment of acquittal under the provisions of Crim. R. 29 where the testimony of the accomplice is supported or corroborated by "other evidence," even though consisting solely of the testimony of another accomplice or accomplices.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

WILLIAM B. BROWN, J., dissenting. The majority opinion rules that a defendant may be convicted of complicity on the basis of the testimony of more than one accomplice even though that accomplice's testimony is uncorroborated by other, non-accomplice testimony. Since I believe that this holding is contrary to the proper interpretation of R. C. 2923.03(D) and to the principles underlying it, I must dissent.

The statute controlling the instant cause is R. C. 2923.03, which states, in pertinent part:

"(D) No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

The majority determines that a person may be convicted of complicity under R. C. 2923.03(D) on the grounds that the statute does not clearly exclude the uncorroborated evidence of more than one accomplice.[5] (In the words of the majority, "the statutory reference is not to 'testi-

---

[5]In *State* v. *Myers* (1978), 53 Ohio St. 2d 74, 75, this court said:

"[The] testimony [of an accomplice] must . be corroborated by some other fact, circumstance or testimony which also points to the identity of the one he accuses as a guilty actor. The *specific statutory language* of R. C. 2923.03(D) is otherwise meaningless." (Emphasis added.)

mony of accomplices' but to '*the* testimony of *an* accomplice.' ") To begin with, the use of the articles "the" and "an" does not clearly limit the effect of R. C. 2923.03(D) to *one* accomplice. "The" is merely a definite article; it does not have any numerical significance. (The General Assembly could just as well have said "*the* testimony of *accomplices*," for instance.) Moreover, the article "an" does not necessarily connote singularity; "an accomplice" may be one accomplice, but it also may be one of many accomplices—that is, a member of a class." Given that "an accomplice" is *at least* as certainly a reference to a class as to one individual and that the General Assembly requires us to strictly construe all statutes defining offenses or penalties in favor of the accused (R. C. 2901.04[A]), I find the majority's reading of R. C. 2923.03(D) to be unwarranted.

I also submit that the majority's holding is illogical and undermines the principles behind R. C. 2923.03(D). By limiting the effect of accomplice testimony, the General Assembly was recognizing that the testimony of one who stands to gain by pointing the finger at someone else is inherently suspect. In the words of the opinion in *State* v. *Myers* (1978), 53 Ohio St. 2d 74, 75, issued this very year:

· "In this day of plea bargaining and immunized testimony * * * it is vitally important that one implicating an accomplice do something more than point a finger. His testimony must be corroborated by some other fact, circumstance, or testimony which also points to the identity of the one he accuses as a guilty actor."

Indeed, the requirement of corroboration was based historically on the assumption that the accomplice might expect to purchase immunity from punishment by falsely

---

"Webster's Third New International Dictionary defines "a," of which "an" is the variant preceding nouns beginning with vowels, as an "indefinite article * * * used as a function word before most singular nouns * * * when the individual in question is undetermined, unidentified * * *" and when that noun is "an example of [a named class] * * *."

accusing and procuring the conviction of others. 7 Wigmore on Evidence 322 (3 Ed. 1940), Section 2057. Finally, given the human tendency to become more likely to act in inherently dangerous or morally questionable ways when others are doing so as well, it seems to me that the uncorroborated testimony of two accomplices is at least, and maybe even more, suspect than the uncorroborated testimony of one.

The majority argues, however, that "to construe the statute as forbidding a conviction * * * would mean that 'the testimony of the accomplice amounted to "nothing." ' " It argues further that, because such testimony may be admitted *if it is corroborated by non-accomplice testimony,* the General Assembly did not intend to treat it as a nullity.

That argument is fallacious. Under R. C. 2923.03(D) the General Assembly treats corroborated and uncorroborated accomplice testimony as entirely separate entities. Therefore, this court cannot infer legislative approval of the latter from its approval of the former. Moreover, R. C. 2923.03(D) treats accomplice testimony which is not corroborated by non-accomplice testimony as a nullity for purposes of conviction. If such testimony by one accomplice is worth nothing, similar testimony by a second accomplice also carries no weight. Zero + Zero = Zero.

For the above reasons, I dissent.