THE STATE OF OHIO, APPELLANT, *v.* PEARSON, APPELLEE.

[Cite as State v. Pearson (1980), 62 Ohio St. 2d 291.]

(No. 79-1301—Decided June 4, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Robert V. Housel* and *Mr. George J. Sadd,* for appellant.

*Fink & Greene Co., L.P.A., Mr. Michael C. Hennenberg,* and *Ms. Janet R. Burnside,* for appellee.

WILLIAM B. BROWN, J. R. C. 2923.03(D) provides:

"No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

In its first proposition of law, the state argues that, literally construed, R. C. 2923.03(D) only prohibits convictions "under this section," *i.e.,* convictions for the *complicity* offenses described in R. C. 2923.03(A),[1] and does not prohibit convictions for principal offenses. Thus, since appellee was

---

[1] R. C. 2923.03(A) provides:

"No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) Aid or abet another in committing the offense;

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

"(4) Cause an innocent or irresponsible person to commit the offense."

convicted for the principal offenses of aggravated murder, aggravated robbery and kidnapping pursuant to R. C. 2903.01, 2911.01 and 2905.01, respectively, the state contends that R. C. 2923.03(D) does not prohibit appellee's convictions. The state asks that we reconsider our decision in *State* v. *Myers,* *supra,* where we applied R. C. 2923.03(D) to prohibit a conviction under R. C. 2911.01 for aggravated robbery, a principal offense. Upon reconsideration, we reject the state's argument and explicitly approve of our application of R. C. 2923.03(D) to principal offenses.

To restrict the application of R. C. 2923.03(D) to the complicity offenses described in R. C. 2923.03(A) would be to exalt form over substance. Under R. C. 2923.03(F), "***[a] charge of complicity may be stated [at the option of the prosecution] in terms of***[R. C. 2923.03(A)] or in terms of the principal offense." Moreover, under R. C. 2923.03(F), a person accused of complicity is "prosecuted and punished as if he were a principal offender." Indeed, if we were to sanction the state's construction of R. C. 2923.03(D), it is unlikely that a prosecutor would ever charge an accused with complicity. Rather, he would charge the accused with the underlying principal offense and thereby avoid R. C. 2923.03(D). Since the serious infirmities associated with accomplice testimony[2] are unrelated

---

[2] Testimony of an alleged accomplice is fraught with weakness due to effect of fear, threats, hostility, motives, or hopes for leniency or benefits. *State* v. *Milam* (1959), 108 Ohio App. 254, 263, citing *People* v. *Crump* (1955), 5 Ill. 2d 251, 125 N.E. 2d 615. "Common sense would suggest that***[an accomplice] often has***[an] interest in lying in favor of the prosecution***, especially if he is still awaiting his own trial or sentencing." *Washington* v. *Texas* (1967), 388 U.S. 14, 22. See, also, *Cool* v. *United States* (1972), 409 U.S. 100, 103; *Crawford* v. *United States* (1909), 212 U.S. 183, 203, 204. By the enactment of R. C. 2923.03(D), the General Assembly concluded that the serious infirmities associated with accomplice testimony required that corroborating evidence be introduced as a precondition to conviction. In nearly half the states, corroboration of an accomplice's testimony is required by either statute, rule or judicial decision. See *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, 330, at fn. 8.

We remain in complete agreement with the General Assembly as to the imprudence of depending solely on a jury's assessment of an accomplice's credibility as a means of scrutinizing accomplice testimony. See *State* v. *Myers, supra,* at page 75, which reads as follows: "***In this day of plea bargaining and immunized testimony***, it is vitally important that one implicating an accomplice do something more than point a finger." The impact of the testimony of one who claims to have participated in the crime and who has confessed might be so great that the jury may overlook the need to carefully assess credibility despite a cautionary instruction. See Note, 16 Utah L. Rev. 60, 61.

to the way in which the prosecution states its charges, the above construction of R. C. 2923.03(D) could not have been the General Assembly's intent. We therefore refuse to give literal effect to the phrase "under this section" in R. C. 2923.03(D), and hold that R. C. 2923.03(D) can prohibit convictions for principal offenses, as well as prohibit convictions for the complicity offenses described in R. C. 2923.03(A).

In its second proposition of law, the state alternatively argues that it introduced sufficient evidence to satisfy the corroboration requirement of R. C. 2923.03(D). The state has conceded that it introduced no evidence corroborating the testimony of appellee's alleged accomplice, Avila Chambliss, tending to connect appellee with the commission of the alleged crimes. On the other hand, there is no dispute that the state introduced ample evidence corroborating Chambliss' testimony as to other material circumstances of the respective crimes. Thus, we need to determine whether the corroboration requirement of R. C. 2923.03(D) prohibits an otherwise sustainable conviction where no evidence has been introduced which corroborates the testimony of an accomplice tending to connect an accused with the commission of an alleged offense. The state explicitly asks that we reevaluate our holding in *State* v. *Myers, supra,* at page 75, that an "[accomplice's] testimony must be corroborated by some other fact, circumstance or testimony which also points to the identity of the one he accuses as a guilty actor." Accord *State* v. *Vorys, supra,* at page 110. Upon reconsideration, we reaffirm our holding in *State* v. *Myers, supra.*

The state argues that corroboration of an accomplice's testimony concerning any of the material circumstances of an alleged crime, apart from an accused's connection therewith, should be sufficient to satisfy the corroboration requirement of R. C. 2923.03(D). Apparently, the justification for the state's position is that since corroboration of an accomplice's testimony concerning any of the material circumstances of an alleged crime enhances the accomplice's credibility, a jury should be permitted to believe the accomplice's uncorroborated testimony concerning the accused's connection with the alleged crime. At best, however, corroboration of an accomplice's testimony concerning the material circumstances of

a crime, apart from the accused's connection therewith, demonstrates that the *accomplice* was connected with the crime. It does little to allay one's concern that the accomplice is being untruthful concerning the accused's connection with the crime, especially since the accused's connection therewith would ordinarily be the primary if not sole contested issue in such cases.[3]

Thus, we reaffirm our holding in *State* v. *Myers, supra,* and herein reemphasize that, in order for the prosecution to satisfy the corroboration requirement of R. C. 2923.03(D), independent evidence must support an accomplice's testimony, and must tend to connect the accused with the alleged crime or must tend to identify the accused as a guilty actor.[4]

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurring. Although I concur in this court's construction of R. C. 2923.03(D), I must express serious reservations about that provision and its operation.

The General Assembly in R. C. 2923.03(D) has enacted an inflexible rule that provides that all accomplice testimony is inherently unreliable. In so doing, the General Assembly has taken much of the evaluation of witness credibility away from the jury. In our legal system the jury, on a case-by-case basis, not the legislature in an intractable, stony provision, ordinarily assesses witness credibility. *State* v. *Tuttle* (1903), 67 Ohio St. 440. A jury's personal assessment of witness credibility is a

---

[3] The motivation for an accomplice to accuse another falsely would be greatest where the prosecutor had abundant evidence concerning both the material circumstances of a crime and the accomplice's connection therewith. In this situation evidence corroborating the testimony of the accomplice concerning the material circumstances of a crime, apart from the accused's connection therewith, would be a foregone conclusion, leaving identification of the accused as the vital issue.

[4] Virtually every state which requires corroboration of accomplice testimony requires, as we do, that such corroboration tend to connect the accused with the crime. See 7 Wigmore on Evidence (Chadbourn Rev.), Section 2059; 3 Wharton's Criminal Evidence (13th Ed.), Section 649; and 30 American Jurisprudence 2d 329, Evidence, Section 1153.

much better method of weighing accomplice testimony than an inflexible statutory rule such as the one contained in R. C. 2923.03(D).

Obviously there are reasons for distrusting accomplice testimony, but they are not a proper basis to constitute an automatic exclusion resulting in a discharge of a criminal offender. There is of course the concern that the accomplice has been promised or believes he will receive immunity or leniency. There is also the possibility that the accomplice may maliciously include others in his own crime. The existence of such promises, beliefs, or malice however varies on a case-by-case basis and should be assessed according to the individual witness' credibility.

As stated in 7 Wigmore on Evidence 417 (Chadbourn Rev.), Section 2057:

"The promise of immunity, * * * being the essential element of distrust, but not being invariably made, no invariable rule should be fixed as though it had been made. Moreover, if made, its influence must vary infinitely with the nature of the charge and the personality of the accomplice. Finally, credibility is a matter of elusive variety, and it is impossible and anachronistic to determine in advance that, with or without promise, a given man's story must be distrusted * * *."

We are all cognizant of the fact that most crimes are not committed in front of a crowd.

In allowing the testimony of one accomplice to corroborate the testimony of another, the General Assembly recognized that accomplices could be credible witnesses. *State* v. *Vorys* (1978), 56 Ohio St. 2d 107. In light of this, and for the reasons stated above, I believe that the legislature should reevaluate the rule it has set down in R. C. 2923.03(D) and leave the issue of accomplice credibility to the fact finder.

HOLMES, J., concurs in the foregoing concurring opinion.