THE STATE OF OHIO, APPELLEE, *v.* PACE, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* HARMON, APPELLANT.

(Nos. C-830359 and -830358—Decided February 22, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer, Mr.*

*John D. Valentine* and *Ms. Judith A. Anton,* for appellee.

*Mr. Robert C. Cettel,* for appellant Pace.

*Mr. Charles A. Pratt,* for appellant Harmon.

*Per Curiam.* These causes, which have been consolidated for decision because they share common questions of fact and law, came on to be heard upon appeals from the Court of Common Pleas of Hamilton County.

The defendants-appellants, Alphonso Pace and Hubert Harmon, were among four individuals named in a multiple-count indictment that included five charges of aggravated robbery and two charges of kidnapping. They were brought to trial jointly in the court of common pleas on the first count of aggravated robbery on March 23, 1983, and in the course of the proceedings the two other individuals named in the indictment appeared as witnesses on behalf of the prosecution and testified that Pace and Harmon were the actual participants in the armed robbery of the restaurant that was the subject of the first count. On the strength of such testimony, as well as other evidence gathered by police officers during the investigation of the offense, the jury found Pace and Harmon guilty as they stood charged, and each was sentenced to an indeterminate term of incarceration in the Ohio Reformatory of seven to twenty-five years.

Following the return of the jury's verdicts on the first count, the parties entered into an agreement with respect to the disposition of the remaining charges in the indictment, whereby Pace and Harmon tendered pleas of guilty to a second count of aggravated robbery in return for a dismissal of the other counts against them. The acceptance of those pleas in compliance with Crim. R. 11 caused the court to impose a second term of incarceration for each defendant of similar duration to that ordered with respect to the first count, with the terms for both counts to run consecutively. An appropriate entry was then placed of record reflecting the court's disposition of the charges and the instant appeals followed, with Pace and Harmon presenting us with identical assignments of error for review.[1]

In the first assignment of error, it is asserted with respect to the disposition of the first count at trial that the judge erred by allowing the jury to return verdicts based, in material part, upon the uncorroborated testimony of those who were alleged to have been participants in the aggravated robbery. Relying upon R.C. 2923.03(D), which states that a conviction for complicity may not be based solely upon the testimony of an accomplice, unsupported by other evidence, the appellants reason that the judge should have either instructed the jury to that effect or entered a judgment of acquittal pursuant to Crim. R. 29 because the only evidence developed by the prosecution at trial to demonstrate that Pace and Harmon were present at the scene of the offense came from the two individuals who were alleged to have joined them in the commission of the crime.

Because the record in the case *sub judice* indicates that the appellants were tried not as complicitors, but as principal offenders, the threshold question posed by the first claim of error is whether the standard governing the testimony of accomplices in the complicity statute is,

---

[1] The assignments of error given to us by Pace and Harmon relate exclusively to the trial of the first count of aggravated robbery; neither appellant has separately challenged those aspects of the proceedings below involving the negotiated agreement that led to the court's acceptance of guilty pleas with respect to the second count of aggravated robbery.

under the circumstances, applicable to the prosecution of Pace and Harmon. Although this court has stated in the past that the statutory standard does not come into play in the case of an individual who has been charged and found guilty as a principal offender, *State* v. *Neal* (Oct. 10, 1979), Hamilton App. No. C-780746, unreported, the Ohio Supreme Court has recently analyzed the question in a manner that has led to a contrary result. In *State* v. *Pearson* (1980), 62 Ohio St. 2d 291 [16 O.O.3d 332], the court reasoned that a restriction of the application of R.C. 2923.03(D) to complicity offenses would, in effect, exalt form over substance and would encourage prosecutors in contrived fashion to charge complicitors as principals under R.C. 2923.03(F)[2] simply to avoid the requirement for corroboration of the testimony of an accomplice. Noting furthermore that the significant infirmities associated with accomplice testimony were in no way diminished in the case of one accused as a principal offender, the court concluded in the first paragraph of the syllabus that the statutory standard can prohibit convictions for principal offenses, as well as prohibit convictions for the complicity offenses described in R.C. 2923.03(A). *Id.* Given the court's holding, we must conclude that the standard of R.C. 2923.03(D) does have some relevance to the case *sub judice.*

Turning now to the question at the heart of the assignment of error, we must determine whether the evidence adduced by the prosecution at trial was sufficient to establish the corroboration necessary to overcome the barrier to a conviction based solely upon the testimony of an accomplice. In this regard, the decision in *Pearson, supra,* provides us with further guidance by setting forth a general rule by which to measure any evidence tendered in satisfaction of the corroboration requirement. The second paragraph of the syllabus reads as follows:

"In order for the prosecution to satisfy the corroboration requirement of R.C. 2923.03(D), independent evidence must support an accomplice's testimony, and must tend to connect the accused with the alleged crime or must tend to identify the accused as a guilty actor. (*State* v. *Myers,* 53 Ohio St. 2d 74 [7 O.O.3d 150], approved and followed.)"

Although the rule expressed in the syllabus provides contours for the substance of the independent evidence necessary to support a conviction, it does not address the matter of the acceptable sources from which that evidence may be derived. With respect to this separate issue, it seems to us that the corroboration requirement may well be satisfied by testimony from the victim of an offense or an independent eyewitness, or by tangible evidence procured by the investigatory efforts of law enforcement authorities. These would, indeed, appear to be the most obvious and logical sources, but it is equally clear that the necessary corroboration may be achieved by other means.

In *State* v. *Vorys* (1978), 56 Ohio St. 2d 107 [10 O.O.3d 302], the Ohio Supreme Court endorsed such an alternative in a case where the prosecution's evidence depended upon the testimony not of one, but of two accomplices. The syllabus rule made a part of the decision reads as follows:

"R.C. 2923.03(D), which provides that no person shall be convicted of com-

---

[2] The statute permits a complicitor to be charged as a principal offender in the following manner:

"Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." R.C. 2923.03(F).

plicity 'solely upon the testimony of an accomplice, unsupported by other evidence,' does not require the trial court to enter a judgment of acquittal under the provisions of Crim. R. 29 where the testimony of the accomplice is supported or corroborated by 'other evidence,' even though consisting solely of the testimony of another accomplice or accomplices."

It is our view that the rule of *Vorys, supra,* remains the law of this state, and that when viewed in conjunction with the second syllabus paragraph of *Pearson, supra,* it has particular relevance to the posture of the case *sub judice.* As the record demonstrates, the two individuals named in the indictment who testified on behalf of the prosecution were certainly accomplices of Pace and Harmon in the sense that one acted as a lookout as the armed robbery took place and the other lay in wait in the vehicle that was to be used as the foursome's means of escape from the scene of the offense. The record further demonstrates that each presented probative testimony tending to show that Pace and Harmon were the individuals who actually entered the restaurant, held several employees at bay with a handgun, and removed a quantity of currency from the safe and a cash register. Under these circumstances, it can without question be said that the testimony of one individual provided the necessary corroboration for the testimony of the other, thus fully satisfying the rule announced in *Vorys, supra.* The trial judge

did not, therefore, err by refusing to enter a judgment of acquittal pursuant to Crim. R. 29,[3] nor did he err by failing to instruct the jury that a finding of guilt could not be based solely upon the testimony of an accomplice.[4] The first assignment of error is without merit.

In the second of the two assignments of error advanced by the appellants, it is asserted that the findings of guilt with respect to the first count were against the manifest weight of the evidence adduced at trial. This claim is intertwined with the first assignment of error to the extent that it is founded upon the premise that the accomplice testimony was, standing alone, incapable of demonstrating that the appellants actively participated in the armed robbery. Taking the asserted infirmity in such testimony as a starting point, the appellants further reason that the other evidence adduced by the prosecution at trial was entirely circumstantial in nature, and from this they conclude that the evidence viewed in its entirety was not consistent only with a theory of guilt and irreconcilable with any reasonable theory of innocence. See *State* v. *Kulig* (1974), 37 Ohio St. 2d 157 [66 O.O.2d 351].

In view of our disposition of the first assignment of error, we must conclude that the testimony of the two accomplices in the instant case was competent and credible evidence to which the jury was entitled to give credit in the deliberations that led to the verdicts of guilt. When such testimony is coupled

---

[3] Even if only one of the accomplices had testified at trial, it appears from our review of the record that the corroboration requirement would still have been met under the general rule of *Pearson, supra,* in view of the testimony of the robbery victims and the tangible evidence obtained by police officers tending to connect Pace and Harmon to the crime. The corroborative evidence included, *inter alia,* a coat identified by one of the vic-

tims and found at the scene of Pace's apprehension, and a shoe print taken from the floor of the restaurant and generally matched to the sole of one of Pace's shoes.

[4] The asserted error with respect to the judge's refusal to instruct the jury may further be said to have been waived in view of counsel's failure to request a specific instruction on accomplice testimony or to object to the charge that was given to the jury.

with the other components of the prosecution's case, including the testimony of the robbery victims, the circumstances surrounding the apprehension of one of the appellants in the immediate vicinity of the restaurant, and the tangible articles of evidence tending to link the appellants to the crime, it is our view that there was substantial evidence of probative value adduced at trial to permit the jury to reject any theory of innocence in favor of a finding beyond a reasonable doubt that Pace and Harmon engaged in an act of aggravated robbery within the meaning of R.C. 2911.01. See *State v. Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. The second assignment of error is, accordingly, without merit.

The judgments of the court of common pleas are hereby affirmed.

*Judgments affirmed.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.