THE STATE OF OHIO, APPELLANT, *v.* PARRISH ET AL., APPELLEES.

[Cite as State *v.* Parrish (1984), 12 Ohio St. 3d 123.]

(No. 83-1950—Decided July 18, 1984.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Ms. Sharon L. Ovington,* for appellant.

*Rion, Rion & Rion Co., L.P.A.,* and *Mr. John H. Rion,* for appellees.

*Per Curiam.* The issue presented in this appeal is whether these convictions, which were based solely on the uncorroborated testimonies of the participating undercover sheriff's deputies, must be reversed in light of R.C. 2923.03(D). Since we conclude that these deputies were not accomplices for purposes of the crime of prostitution, we hold that R.C. 2923.03(D) did not operate to bar these convictions.

R.C. 2923.03(D) reads as follows:

"No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence."

In *State* v. *Pearson* (1980), 62 Ohio St. 2d 291 [16 O.O.3d 332], this court applied the foregoing statute to convictions for *principal* offenses as well. Thus, in the case at bar, since it is undisputed that the participating deputies'

testimonies were uncorroborated, the narrow focus of our concern is whether these deputies were "accomplices."

R.C. 2923.03(A) defines the crime of "complicity," in part, as follows:

"No person, *acting with the kind of culpability required for the commission of an offense,* shall do any of the following:

"(1)  Solicit or procure another to commit the offense;

"(2)  Aid or abet another in committing the offense." (Emphasis added.)

R.C. 2907.25 defines the crime of "prostitution" as follows:

"(A)  No person shall engage in sexual activity for hire."

Appellees argue that R.C. 2907.25(A) sets forth a *strict liability* standard, *i.e.,* no criminal intent is required of the person committing the crime. If this interpretation is correct, the deputies would then be accomplices. Appellant argues that this statute does not impose strict liability, and that the deputies herein lacked any requisite intent to commit a crime.

R.C. 2901.21(B) sets forth the requirements of a strict liability statutory offense:

"When the section defining an offense does not specify any degree of culpability, and *plainly indicates a purpose to impose strict criminal liability* for the conduct described in such section, then culpability is not required for a person to be guilty of the offense." (Emphasis added.)

R.C. 2907.25(A) does not "plainly indicate" an intention to impose strict liability. In *State* v. *Adams* (1980), 62 Ohio St. 2d 151 [16 O.O.3d 169], this court similarly held that the child endangering statute[1] was not a strict liability offense. Examples of such a "plain indication" include R.C. 2915.02(A)(1),[2] bookmaking, and R.C. 2915.03(A)(1),[3] gambling house operation. See *State* v. *Wac* (1981), 68 Ohio St. 2d 84 [22 O.O.3d 299], paragraphs one and two of the syllabus. In each of these latter statutes the General Assembly has expressly differentiated degrees of culpability. The same is not true of R.C. 2907.25(A). Rather, the participants in the crime of prostitution addressed in R.C. 2907.25(A) must possess some degree of criminal intent[4] to be found guilty of either the principal offense or of complicity.

Appellees argue that since the legislature has expressly granted police immunity in other contexts, the failure to do so in the context of prostitution reflects a legislative intent to deny immunity. This argument, while super-

---

[1] R.C. 2919.22(B)(2).

[2] R.C. 2915.02(A) reads, in pertinent part:
"No person shall:
"(1)  Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking."

[3] R.C. 2915.03(A) reads, in pertinent part:
"No person, being the owner or lessee, or having custody, control, or supervision of premises, shall:
"(1)  Use or occupy such premises for gambling * * *;
"(2)  Recklessly permit such premises to be used or occupied for gambling * * *."

[4] We decline at present to decide what degree of intent is required.

ficially attractive, is not persuasive since legislative inaction can be attributed to many factors. (See *Oliver* v. *Kaiser Community Health Found.* [1983], 5 Ohio St. 3d 111, 115: " 'Legislative inaction is a weak reed upon which to lean in determining legislative intent' "; see, also, *State* v. *Barker* [1983], 8 Ohio St. 3d 39, 41, at fn. 4.)

We thus find that the deputies herein were not accomplices for purposes of the corroboration requirement of R.C. 2923.03(D), since there was no showing of criminal intent on their part.

We emphasize, however, that today's ruling applies only to the facts of this case, *i.e.,* the deputies were not shown to have any criminal intent.

We also decline to adopt the so-called feigned accomplice rule as set forth in *State* v. *Johnson* (1960), 112 Ohio App. 124 [16 O.O.2d 51]. Adoption of such a rule, which would give police broad powers to participate in crimes that result in the subsequent convictions of the co-participants based solely on the uncorroborated testimony of the participating officer, would constitute unwarranted judicial legislation. Participation in strict liability crimes, for instance, is a question left for another day.

The judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. R.C. 2923.03(D) provides:

"No person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence." The only evidence present in this case was that from the police officers who participated in the crimes themselves. Such participation makes the officers "accomplices" pursuant to R.C. 2923.03. I, therefore, agree with the court of appeals that it was necessary to have independent evidence to support the testimony of the accomplices in order to convict the defendants. See *State* v. *Myers* (1978), 53 Ohio St. 2d 74 [7 O.O.3d 150]; *State* v. *Vorys* (1978), 56 Ohio St. 2d 107 [10 O.O.3d 302]; and *State* v. *Pearson* (1980), 62 Ohio St. 2d 291 [16 O.O.3d 332]. Because the stated language in R.C. 2923.03 contains no exception, a police officer is an accomplice whatever his motives or purposes might be. Therefore, I dissent.

It is significant that the legislature has not granted immunity to any person engaged in the act of prostitution. Silence by the legislature can only mean that no immunity was intended. Thus, with no statutory immunity, the lack of corroboration of the accomplice testimony leaves the state without proof that the appellees engaged in sexual activity for hire. The police of-

ficers in this action did "engage in sexual activity for hire" in violation of R.C. 2907.25. The officers were, therefore, accomplices to the crime.

Cases such as *Cleveland* v. *Leisinger* (Apr. 8, 1982), Cuyahoga App. No. 43902, unreported, are distinguishable from the present case. In *Leisinger* the court found that the officer who is solicited by the defendant is not an accomplice. One who is the object of an offense does not become an accomplice, as in the case of one who is solicited. However, solicitation is not the crime for which the defendants were charged. They were charged with violation of R.C. 2907.25 which provides that "[n]o person shall engage in sexual activity for hire."

Any changes which should be made in the wording of R.C. 2923.03(D) should not be made by this court but rather by the legislature. Because the legislature carved out no exceptions to the accomplice provisions of R.C. 2923.03(D), I find it inappropriate for this court to do so today.

For the above-stated reasons I would affirm the judgment of the court of appeals.

W. BROWN and J. P. CELEBREZZE, JJ., concur in the foregoing dissenting opinion.