THE STATE OF OHIO *v.* WILLIAMS.

(No. 86-TRD-2191—Decided
January 23, 1987.)

Wadsworth Municipal Court.

*Gregg Giegel,* assistant director of law for the city of Wadsworth, for plaintiff.

*Gary Moreland,* for defendant.

KIMBLER, J. This matter came to be heard upon the motion of defendant Darrell E. Williams for an order determining whether it is necessary that a defendant have a culpable mental state in order for the state to obtain a conviction for a violation of R.C. 4549.08(A). That section makes it a fourth degree misdemeanor for a person to operate a motor vehicle upon the highways of this state if the vehicle has fictitious plates.

Nowhere in the statute did the General Assembly specify a mental state. Therefore, the question becomes whether it was the purpose of the General Assembly to impose strict criminal liability upon an offender or whether the mental state is one of recklessness pursuant to R.C. 2901.22.

The court has examined the cases that are cited under this section and can find no reported decision in which this issue has been ruled upon.

The court would note that there is a difference between R.C. 4549.08(A) and other statutes which have been interpreted as imposing strict liability upon defendants. See, for example, R.C. 4511.19(A).

A person who is charged with a violation of R.C. 4511.19 must have done an act in order to be under the influence of alcohol and/or drugs of abuse, to wit, he or she must have consumed the alcohol and/or drugs. That is, the defendant by such consumption has put himself or herself in a position to be in violation of the statute.

Obviously, a defendant in that position can be presumed to know the logical consequences of his or her actions. Therefore, the imposition of strict criminal liability in an instance where the defendant has voluntarily taken action that leads to a violation of the statute does not offend due process. See *State* v. *Tanner* (1984), 15 Ohio St. 3d 1, 4, 15 OBR 1, 4, 472 N.E. 2d 689, 692, at fn. 4. This is especially true when one considers the effect on society of offenders who drive under the influence of alcohol.

A defendant's voluntarily engaging in conduct that is in violation of a statute in which strict liability is imposed is also found in violations of R.C. 2915.02 (engaging in bookmaking) and R.C. 2915.03 (operating a gambling house). See *State* v. *Glover* (1984), 17 Ohio App. 3d 256, 257, 17 OBR 524, 525, 479 N.E. 2d 901, 903.

R.C. 4549.08, however, is not such a statute. Conceivably, a person could operate a motor vehicle in this state with no knowledge, and no way of knowing, that the plates on the vehicle were fictitious.

For example, the car could be borrowed from a friend, or leased from a company, or operated for the purpose of a "test drive" to determine whether the car should be purchased.

In all of the above examples, the person operating a motor vehicle would not be the owner and, furthermore, would have no way of knowing that the license plates on the vehicle were fictitious.

This court feels that to impose strict criminal liability in this case would be contrary to the concept of fundamental fairness which underlies the American concept of due process of law. Furthermore, in the case of *State v. Parrish* (1984), 12 Ohio St. 3d 123, 12 OBR 164, 465 N.E. 2d 873, the Supreme Court ruled that strict liability should be imposed only in those cases in which the statute "plainly indicates" a purpose to impose such liability.

In this case, the court can find no indication of such an intent in the statute. Therefore, this court hereby orders that in the trial of this matter the state of Ohio will have to show that the defendant had the culpable mental state of recklessness as required by R.C. 2901.21.

*So ordered.*