{¶ 20} The Ohio Revised Code prohibits the conviction of a defendant for conspiracy based solely on the uncorroborated testimony of a co-conspirator.
R.C. 2923.01(H). For many years, Ohio law barred the conviction of a defendant for complicity or as a principal offender based solely on the testimony of an accomplice. Former R.C. 2923.03(D); State v. Pearson
(1980), 62 Ohio St.2d 291, paragraph one of the syllabus. Even the present version of R.C. 2923.03(D) requires a cautionary instruction that accomplice testimony is "* * * subject to grave suspicion * * *."
 {¶ 21} The reason for these prohibitions and cautions is abundantly clear: unsupported accomplice testimony is inherently suspect. The present case is a perfect example. There is absolutely no evidence linking appellant to the crimes he stands convicted of, save the testimony of Lonnie Ebersole. For that matter, Ebersole could have picked appellant's name out of the phone book. Ebersole's motive for the possible concoction of a story is the difference between a couple of months of county jail time compared to the 36 years of imprisonment imposed on appellant — a compelling incentive to lie.
 {¶ 22} In my view, the jury lost its way. Ebersole's testimony is wholly incredible, and appellant's conviction is a manifest miscarriage of justice.