THE STATE OF OHIO, APPELLEE, *v.*
LUNDY, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.*
NIXON, APPELLANT.

(Nos. C-860243, C-860286 and
C-860244—Decided June 3, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *R. Thomas Moorhead,* for appellee.
*Daniel J. Bryer,* for appellants.

*Per Curiam.* These cases came on to be heard upon the appeals from the Court of Common Pleas of Hamilton County.

In December of 1985, the Hamilton County Grand Jury returned a joint, multi-count indictment against, *inter alia,* defendant-appellant Leonard Lundy ("Lundy") and defendant-appellant Phillip Nixon ("Nixon"). Lundy was charged in the indictment with four counts of aggravated robbery, one count of theft of drugs, two counts of drug abuse, and a single count of trafficking in connection with

a series of armed robberies. Nixon was charged with one count of aggravated robbery and one count of theft of drugs for his role in the armed robbery of a pharmacy. Over Nixon's objection, the defendants were tried jointly to a jury. The jury found Nixon guilty on both counts charged, acquitted Lundy of aggravated robbery as charged in the third count of the indictment and convicted him on the remaining counts. The trial court sentenced the defendants as appears of record and entered judgment accordingly.

Lundy and Nixon now bring the instant appeals in which each advances five assignments of error. Although the appeals were filed, briefed and argued separately, we have consolidated them for decisional purposes.

## I

Lundy and Nixon, in their first assignments of error, present identical remonstrations. Each appellant contends that the trial court violated his Sixth Amendment right to compulsory process when it granted the state's motion *in limine* to exclude two defense witnesses from testifying. We find no merit to this contention.

The record reveals that on the third day of trial, counsel for Lundy and Nixon joined in an oral motion for a mistrial on the ground of prosecutorial misconduct. In support of the motion, Donna Watts ("Watts"), a court observer, and Anna Mae Lundy ("Mrs. Lundy"), defendant Lundy's mother, were called to testify out of the presence of the jury. Each witness averred that she had observed the prosecuting attorney, while conferring with five witnesses for the state in a courthouse corridor, display a photo array, indicate a numbered photo, and advise the witnesses that the man depicted, Lundy, was in the courtroom and wearing a white sweater.

The trial court, upon its determination that Watts and Mrs. Lundy had raised the spectre of prosecutorial misconduct, held a hearing on the motion. At the hearing, Watts identified the five witnesses, and they were summoned to testify. Four of the five witnesses appeared and denied that the prosecutor had prompted their in-court identification of Lundy. The fifth witness, who was unable to identify Lundy in court, was contacted by telephone and similarly denied pretestimony prompting. The trial court, finding no prosecutorial misconduct, overruled defense counsel's motion for mistrial.

The state subsequently submitted a motion *in limine,* seeking to exclude Watts and Mrs. Lundy from testifying at trial and further requesting that they be removed from the courtroom and from the courthouse. Following a hearing on the matter, at which defense counsel expressed their intent to call Watts and Mrs. Lundy to testify to the alleged prosecutorial misconduct, the trial court granted the motion in part. The court noted that the allegation of prosecutorial misconduct had been determined to be unfounded in the proceeding upon defense counsel's motion for mistrial. The court thus concluded that the issue could not be broached at trial, but that the defense was free to call either witness to explore other relevant and admissible matters. The court further determined that an order excluding Watts and Mrs. Lundy from the courtroom was unwarranted when their presence was already prohibited by a standing order for the separation of witnesses. Finally, the court denied the state's request to exclude the witnesses from the courthouse.

Lundy and Nixon assert on appeal that the Sixth Amendment guarantee of compulsory process preserves to them the right not only to produce witnesses in their defense but to put them on the stand and to have them heard. They contend that the trial

court, in granting the state's motion *in limine,* infringed upon their right to put their witnesses on the stand and to have them heard. Although we accept the appellants' characterization of the scope of the Sixth Amendment guarantee of compulsory process, we note that this right is qualified and find that the appellants have mistaken the import of the court's disposition of the state's motion *in limine.*

We note, as a preliminary matter, the absence of any express provision under the rules or statutes governing procedure or evidence for a motion *in limine.* However, the trial court's authority to consider a motion *in limine* may be derived from Evid. R. 611(A), which authorizes the court to control the presentation of evidence. Pursuant thereto, a motion *in limine* essentially presents an appeal to the trial court for a cautionary instruction to opposing counsel to avoid error or prejudice by limiting his examination of a witness in a specified area until admissibility is determined by the court outside the presence of the jury. *State v. Leslie* (1984), 14 Ohio App. 3d 343, 14 OBR 410, 471 N.E. 2d 503; *State v. Spahr* (1976), 47 Ohio App. 2d 221, 1 O.O. 3d 289, 353 N.E. 2d 624.

The Sixth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, preserves to an accused the fundamental right to present witnesses in his defense. *Chambers* v. *Mississippi* (1973), 410 U.S. 284; *Washington* v. *Texas* (1967), 388 U.S. 14. In the exercise of that right, the accused is required, as is the state, to comply with established rules of evidence. *Chambers, supra; Washington, supra.*

Pursuant to Evid. R. 403(A), evidence, although relevant, is not ad-

missible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. The trial court, in granting in part the state's motion *in limine,* did not, as appellants contend, preclude the presentation of Watts or Mrs. Lundy in their defense. It merely admonished defense counsel that the issue of prosecutorial misconduct had been resolved against them outside the presence of the jury and that inquiry into the issue before the jury would be unduly prejudicial. Thus, the court, in its disposition of the state's motion *in limine,* effectively made a preliminary ruling outside the presence of the jury that testimony as to alleged prosecutorial misconduct was inadmissible pursuant to Evid. R. 403(A).

In its disposition of the state's motion *in limine,* the trial court indicated that its ruling did not preclude appellants from calling Watts or Mrs. Lundy to testify to other relevant and admissible matters. Counsel for Nixon expressed an intent to call Watts and Mrs. Lundy for the purpose of challenging the credibility of the witnesses against Nixon. However, neither appellant availed himself of the opportunity. Evid. R. 608(B) provides in relevant part that "[s]pecific instances of the conduct of a witness, for the purpose of attacking * * * his credibility, * * * may not be proved by extrinsic evidence." Thus, the testimony of Watts or Mrs. Lundy was inadmissible for the expressed purpose of attacking witness credibility, and we perceive no prejudice to appellants when neither chose to exercise his option to call the two witnesses for that or any other purpose.[1] Accordingly, we overrule appellants' first assignments of error.

---

[1] Pursuant to Evid. R. 103(A)(1), error may not be predicated upon a ruling which admits evidence in the absence of a timely objection specifying the grounds for objec-

## II

Lundy and Nixon also advance identical arguments in their second assignments of error. They contend therein that the trial court acted in contravention of R.C. 2941.25 by imposing sentence upon their respective convictions for aggravated robbery as charged in count four of the indictment and for theft of drugs as charged in count five when the same conduct formed the fundament for each conviction. We find this contention to be well-taken.

The guarantees against double jeopardy contained in Section 10, Article I of the Ohio Constitution and the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protect against multiple punishment for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711. To be the "same" within the purview of the constitutional prohibition, the offenses charged need not be identical either in their constituent elements or in actual proof. *Brown* v. *Ohio* (1977), 432 U.S. 161. When the same act or transaction constitutes a violation of two distinct statutory provisions, the determination of whether the offenses are separate or the same turns upon the question of whether each provision requires proof of a fact that the other does not. *Blockburger* v. *United States* (1932), 284 U.S. 299.

The Ohio General Assembly has sought to effectuate this aspect of the double jeopardy prohibition in R.C. 2941.25, multiple counts, which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Pursuant to R.C. 2941.25, a trial court, in a single proceeding, may convict and sentence a defendant for two offenses, having as their genesis the same criminal conduct or transaction, if the offenses (1) are not allied and of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. *State* v. *Bickerstaff* (1984), 10 Ohio St. 3d 62, 10 OBR 352, 461 N.E. 2d 892.

Two crimes constitute allied offenses of similar import if the crimes and their elements correspond to such a degree that the commission of one offense constitutes the commission of the other offense. *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 18 OBR 210, 480 N.E. 2d 439; *Bickerstaff, supra.* If the crimes are not allied and of similar import, the analysis ends there, and the

---

tion. Resultantly, we have held that the overruling of a motion *in limine* does not preserve the matter for review in the absence of a challenge to the evidence when it is introduced at trial. *State* v. *Brown* (Apr. 15, 1987), Hamilton App. No. C-850434, unreported. In contrast, Evid. R. 103(A)(2) provides that error may be predicated upon a ruling which excludes evidence if the substance of the evidence was made known to the court by offer or was apparent from the context in which questions were asked. Thus, when, as here, a trial court makes a ruling granting a motion *in limine,* the matter is preserved for review when the substance of the evidence sought to be introduced was made known to the court by offer.

defendant may be charged with, convicted of, and sentenced on both charges. However, if the crimes charged are allied and of similar import, the court must undertake the final step in the analysis under R.C. 2941.25(B) to determine whether the offenses were committed separately or with a separate animus as to each. *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 6 OBR 463, 453 N.E. 2d 593.

The offenses alleged in counts four and five of the indictment arose in connection with the armed robbery of a pharmacy. Count four charged Lundy and Nixon with theft of currency and prescription drugs with a deadly weapon in violation of R.C. 2911.01; count five alleged that they obtained a dangerous drug by means of a theft offense with a deadly weapon in violation of R.C. 2925.21. Thus, the offense of aggravated robbery, as reflected in count four of the indictment and proscribed by R.C. 2911.01(A)(1), requires proof that the defendant (1) committed a theft offense, and (2) at the time of the offense, had on or about his person a deadly weapon. Similarly, the offense of theft of drugs, as charged in count five of the indictment and proscribed by R.C. 2925.21(C), must be supported by proof that the defendant (1) obtained a dangerous drug, (2) in the commission of a theft offense, and (3) at the time of the offense, had on or about his person a deadly weapon.

Comparing the statutory elements of aggravated robbery and theft of drugs as charged in the indictment, we find that the offenses are allied and of similar import for purposes of R.C. 2941.25(A). Both offenses require proof of the commission of a theft offense and the possession of a deadly weapon. The offense of theft of drugs requires proof of an additional element, *viz.*, that the offender obtained a dangerous drug. It is clear, however, that in proving the offense of theft of drugs as proscribed under R.C. 2925.21(C), the offense of aggravated robbery as proscribed under R.C. 2911.01(A)(1) is necessarily demonstrated.

Having thus determined that the offenses are allied and of similar import, we advance to the second level of inquiry to determine whether the offenses were committed separately or with a separate animus as to each. We find that they were not.

Both offenses were committed simultaneously and at the same location. Thus, they were neither temporally nor spatially separate acts. We further find that the offenses were identical in their objectives. In each count of the indictment, the pharmacy was the alleged victim. Cf. *State* v. *Simpson* (Oct. 27, 1982), Hamilton App. No. C-811018, unreported; *State* v. *Bates* (Sept. 29, 1982), Hamilton App. No. C-810916, unreported (the indictment alleged theft of drugs from a pharmacy and theft of currency from the person of the owner). Count four charged Lundy and Nixon with the theft of currency and unspecified prescription drugs, and count five alleged the theft of a specific dangerous drug. R.C. 4729.02(D)(1) defines a "dangerous drug," in part, as a drug that "may be dispensed only upon a prescription." Thus, the express objective in the commission of each offense was, in whole or in part, to obtain a drug that may be dispensed only upon a prescription. Thus, the offenses were committed with the same animus as to each.

To summarize, we find that the offense of aggravated robbery as charged in count four of the indictment and the offense of theft of drugs as charged in count five are allied and of similar import and were committed together and with the same animus as to each. Therefore, pursuant to R.C. 2941.25, Lundy and Nixon could each

be charged with and found guilty on both counts, but could be sentenced on only one. The state contends, however, that appellants waived this assertion of error when they failed to object to the imposition of sentence on both counts at trial. We disagree. An appellate court may take notice of plain error to prevent a manifest miscarriage of justice. *State* v. *Clayton* (1980), 62 Ohio St. 2d 45, 16 O.O. 3d 35, 402 N.E. 2d 1189. We, therefore, sustain the appellants' second assignment of error.

### III

Lundy, in his third assignment of error, contests the trial court's admission of extrinsic physical and testimonial evidence adduced for the purpose of attacking his credibility. Although we find merit in Lundy's challenge to the admissibility of the evidence, the consequence of its admission does not mandate reversal of the judgment.

At trial, Lundy testified on his own behalf and denied his culpability for the offenses charged. On cross-examination, the prosecution questioned Lundy about his possession of a social security card, credit cards and a blank check, all of which were issued in the names of other individuals. Lundy denied his possession or knowledge of these items. In rebuttal, the prosecution recalled the arresting police officer, who testified that the cards and check were recovered, along with a handgun and gym bag which previously had been entered into evidence, from the trunk of Lundy's car. Over Lundy's objection, the items were subsequently admitted into evidence.

Evid. R. 608(B) provides in relevant part:

"Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

Thus, pursuant to Evid. R. 608(B)(1), specific instances of the conduct of a witness may be inquired into on cross-examination of the witness to impugn his credibility if the trial court, in its discretion, determines that the evidence is clearly probative of the witness's veracity. However, apart from the Evid. R. 609 exception for evidence of certain criminal convictions, extrinsic evidence may not be used to prove specific instances of the conduct of a witness to impeach the witness's credibility.

The state contends that the cards and check, because they were recovered in the search of Lundy's car along with the previously admitted gun and gym bag, were relevant to the charges againt Lundy. Thus, the state asserts, Evid. R. 608(B) is inapplicable to exclude the disputed evidence when it was neither extrinsic nor introduced for the purpose of attacking Lundy's credibility. We find this position to be untenable. Lundy was not charged in the instant indictment with the illegal acquisition or possession of the cards and check. Thus, any evidence in support of such an allegation was extrinsic to the crimes therein charged. Evidence demonstrating Lundy's knowing possession of the cards and check may, however, permit the inference that he came into possession of these items by dishonest means. Thus, the only purpose we can perceive for the state's introduction of these items was to im-

pugn Lundy's credibility. We, therefore, find that Evid. R. 608(B) is directly applicable to Lundy's remonstration.

As we noted *supra,* Evid. R. 608(B) permits inquiry on cross-examination of a witness into specific instances of his conduct for the purpose of attacking his credibility if the evidence is probative of the witness's veracity. We, therefore, find the prosecution's inquiry on cross-examination of Lundy into his possession of the credit cards and check to be permissible under Evid. R. 608(B). The rule prohibits, however, the introduction of extrinsic evidence to prove specific instances of conduct of a witness to impeach his credibility. The trial court, therefore, acted in contravention of Evid. R. 608(B) by permitting testimony by the arresting officer to Lundy's possession of these items and in admitting the items into evidence.

Evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal on appeal only upon an abuse of that discretion which amounts to prejudicial error. Evid. R. 103(A); *State* v. *Graham* (1979), 58 Ohio St. 2d 350, 12 O.O. 3d 317, 390 N.E. 2d 805. Although the trial court abused its discretion in admitting into evidence the cards and check allegedly possessed by Lundy, we find this error to be nonprejudicial. In light of the overwhelming evidence adduced below in support of Lundy's convictions of aggravated robbery as charged in counts two and four,[2] theft of drugs, drug abuse and trafficking, we find the trial court's error to be harmless beyond a reasonable doubt. See *State* v. *Moritz* (1980), 63 Ohio St. 2d 150, 17 O.O. 3d 92, 407 N.E. 2d

1268. We, therefore, overrule Lundy's third assignment of error.

Nixon, in his third assignment of error assails the trial court's denial of his Crim. R. 14 motion for a separate trial and, in the alternative, the court's failure to give a limiting instruction to mitigate the effects of the joinder. We find no merit to this challenge.

Prior to trial, Nixon moved for a separate trial, contending that because Lundy was charged in all eight counts of the indictment while he was charged in only two counts, a joint trial with Lundy would be unduly prejudicial. The trial court overruled Nixon's motion upon its determination that the prejudicial aspects cited by Nixon in support of a separate trial were too speculative.

Crim. R. 8(B) permits the joinder of defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct." Crim. R. 14 offers relief from the joinder of defendants if it appears that the defendant will be thereby prejudiced. A defendant who claims error in a trial court's refusal to allow a separate trial has the burden of affirmatively demonstrating that his rights were actually prejudiced. *State* v. *Torres* (1981), 66 Ohio St. 2d 340, 20 O.O. 3d 313, 421 N.E. 2d 1288. We find that Nixon, in his vague assertions of improper inferences that the jury might have drawn, has failed to meet that standard. We, therefore, find no error in the trial court's denial of Nixon's motion for a separate trial.

Addressing Nixon's alternative contention, we determine that his

---

[2] As we noted *supra,* Lundy was acquitted of aggravated robbery as charged in count three. Our assessment of the evidence adduced in support of Lundy's conviction for aggravated robbery as charged in count one is reserved for discussion in our disposition of his fourth assignment of error, *infra.*

challenge to the trial court's failure to admonish the jury to consider separately the charges as alleged against each defendant to be feckless. The record demonstrates that Nixon failed to request such an instruction, see *State* v. *Fanning* (1982), 1 Ohio St. 3d 19, 1 OBR 57, 437 N.E. 2d 583, and that the trial court so charged the jury at the close of all evidence. We, therefore, overrule Nixon's third assignment of error.

## IV

In his fourth assignment of error, Lundy contends that the evidence adduced at trial was insufficient to support his conviction of aggravated robbery as charged in count one of the indictment when the conviction was based solely upon the uncorroborated testimony of an accomplice. We agree.

Count one of the indictment charged Lundy and two others, *viz.*, Randy Foster ("Foster") and Owen Ford ("Ford"), with the aggravated robbery of a dry-cleaning establishment. Foster and Ford acknowledged their participation in the crime by means of a guilty plea to the charge, and Ford testified against Lundy at trial.

R.C. 2923.03(D), at the time of Lundy's trial and prior to its amendment in September 1986, prohibited the conviction of an alleged complicitor "solely upon the testimony of an accomplice, unsupported by other evidence." The Supreme Court of Ohio expressly approved the application of former R.C. 2923.03(D) to principal offenses. *State* v. *Pearson* (1980), 62 Ohio St. 2d 291, 16 O.O. 3d 332, 405 N.E. 2d 296. In determining the presence of evidence sufficient to satisfy the corroboration requirement of R.C. 2923.03(D), the trial court must eliminate from its consideration the evidence offered by the accomplice and, confining its examination to the

evidence of the other witnesses, ascertain whether their evidence tends to connect the accused with the alleged crime or to identify the accused as a guilty actor. *Pearson, supra; State* v. *Myers* (1978), 53 Ohio St. 2d 74, 7 O.O. 3d 150, 372 N.E. 2d 356.

Lundy was convicted of aggravated robbery as charged in count one upon the testimony of two eyewitnesses to the robbery and his co-indictee Ford. The eyewitnesses testified that two men entered the dry-cleaning establishment, wielded handguns, and demanded the contents of the cash drawer which contained the day's lottery receipts. The two men were identified as Lundy's co-indictees, Ford and Foster. Ford testified that Lundy and Foster planned the robbery, that Lundy drove them to and from the establishment, and that Lundy received a percentage of the spoils.

Eliminating from our consideration the testimony of Ford and focusing on that of the two eyewitnesses, we find sufficient corroboration of Ford's account of the criminal act of armed robbery and of Foster and Ford's involvement in the offense. However, apart from Ford's testimony, no evidence was presented below to connect Lundy with the crime or to identify him as a guilty actor. We, therefore, conclude that the state failed to adduce sufficient evidence on count one to satisfy the corroboration requirement of R.C. 2923.03(D). Cf. *State* v. *Woodard* (Aug. 28, 1985), Hamilton App. No. C-840738, unreported (defendant's presence at the scene of the crime was independently corroborated). Resultantly, the evidence presented below was insufficient on the element of identity to support Lundy's conviction of aggravated robbery as charged in count one. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132. We, accor-

dingly, sustain Lundy's fourth assignment of error.

Nixon, in his fourth assignment of error, contends that the verdicts of guilty returned by the jury on count four, charging him with aggravated robbery, and count five, charging him with theft of drugs, were contrary to the manifest weight of the evidence. Specifically, he argues that the evidence adduced below was insufficient on the element of identity to support his conviction of the offenses beyond a reasonable doubt. We find no merit to this contention.

As we noted *supra,* Nixon was charged with aggravated robbery and theft of drugs in connection with the armed robbery of a pharmacy. At trial, a pharmacy employee positively identified Nixon as the man who, in the course of the robbery, ordered him to the floor.

When, as here, testimony is not inherently incredible, "[t]he weight to be given the evidence and the credibility of the witnesses * * * are primarily for the trier of facts." *State* v. *Thomas* (1982), 70 Ohio St. 2d 79, 24 O.O. 3d 150, 434 N.E. 2d 1356, syllabus. This court is not empowered to substitute its judgment on disputed facts for that of the jury, but must determine whether the record contains evidence from which the jury would be justified in concluding that the accused was guilty beyond a reasonable doubt. *State* v. *Petro* (1947), 148 Ohio St. 473, 36 O.O. 152, 76 N.E. 2d 355. Upon careful review of the record of the proceedings below, assessment of the evidence and all reasonable inferences to be drawn therefrom, and consideration of the credibility of the witnesses, we cannot say that the jury, in resolving the conflicts in the evidence, lost its way and created such a manifest miscarriage of justice to warrant reversal of the defendant's conviction. See *Tibbs* v. *Florida* (1982), 457 U.S. 31; *State* v.

*Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717. We, therefore, overrule Nixon's fourth assignment of error.

## V

In their fifth and final assignments of error, Lundy and Nixon present a multifaceted challenge to the trial court's exercise of its sentencing authority. In support of the underlying contention that the trial court imposed sentences in excess of those prescribed by statute, Lundy advances three issues and Nixon advances two issues for our consideration.

## A

Lundy, in his first issue for review, contends that the trial court imposed excessive sentences upon his convictions on two counts of drug abuse and a single count of trafficking. We find this contention to be meritorious.

Lundy was charged in counts six and seven with drug abuse in violation of R.C. 2925.11(A). The jury returned verdicts of guilty on both counts, and the trial court sentenced Lundy to a term of imprisonment of two years on each count. Drug abuse, as charged in counts six and seven of the indictment, is a fourth-degree felony carrying a maximum term of imprisonment of eighteen months. R.C. 2929.11(D). Thus, the sentences imposed by the court on counts six and seven must be set aside.

In count eight, Lundy was charged with trafficking in drugs in violation of R.C. 2925.03(A)(4). Upon his conviction for trafficking, Lundy was sentenced to an indefinite term of incarceration of four to ten years. Trafficking, as charged in count eight and proscribed under R.C. 2925.03(A)(4), is a third degree felony and carries a definite sentence and a maximum penalty of two years. R.C. 2929.11(D). Thus, the court in sentencing Lundy on

count eight exceeded its sentencing authority and the sentence must be vacated.

Having thus determined that the trial court exceeded its authority in sentencing Lundy on counts six, seven and eight, we sustain that portion of Lundy's fifth assignment of error.

## B

Lundy and Nixon together assert that the trial court acted in contravention of R.C. 2929.71(B) by imposing two three-year terms of actual incarceration upon the jury's return of positive findings on the firearm specifications accompanying counts four and five of the indictment when both charges arose out of the same transaction. This remonstration is subsumed in our disposition of the appellants' second assignment of error in which we determined that aggravated robbery as charged in count four and theft of drugs as charged in count five were allied offenses of similar import for purposes of R.C. 2941.25 and that the appellants could, therefore, be sentenced on only one of the offenses.

## C.

In the final issue presented for review, Lundy and Nixon both contend that the trial court improperly sentenced them on count five, charging theft of drugs, as for a felony of the first degree when the verdict form failed to specify the degree of the offense charged or an additional element charging the use of force or a deadly weapon. We find no merit to this contention.

In count five, the appellants were charged with obtaining a dangerous drug by means of a theft offense while having on or about their persons or under their control a deadly weapon, to-wit: a handgun, in violation of R.C. 2925.21. The charge was accompanied by a specification alleging the possession of a firearm. R.C. 2925.21, which proscribes theft of drugs, sets forth three separate offenses, each of increasing seriousness with the addition of aggravating circumstances. Theft of drugs as defined under R.C. 2925.21 (C) is a felony of the first degree and is proscribed in relevant part as follows:

"No person shall obtain any dangerous drug by * * * committing a theft offense * * * and at the time of such * * * offense * * * have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control * * *."

Thus, count five of the indictment, while referring generally to the section proscribing theft of drugs, in essence alleged a violation of R.C. 2925.21(C), a felony of the first degree.

The trial court, in its instructions to the jury, set forth the essential elements of the offense of theft of drugs as charged in count five, including the element of possession of a deadly weapon. The jury, in its verdict, found Lundy and Nixon "guilty of THEFT OF DRUGS, 2925.21 R.C. in count 5," and further returned a specific finding that at the time of the offense they had on or about their persons a firearm. The trial court subsequently sentenced the appellants as for a felony of the first degree to five to fifteen years' imprisonment.

R.C. 2945.75(A)(2) provides that:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"* * *

"(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

Lundy and Nixon assert that the verdict returned on count five constitutes a finding of guilty of the least

degree of the offense charged, *viz.*, theft of drugs as proscribed by R.C. 2925.21(A), a fourth-degree misdemeanor, because the verdict form does not state either the degree of the offense charged or the presence of the aggravating element of possession or control of a deadly weapon. We disagree.

There is no question that the verdict form returned on count five is deficient in that it neither specifies the degree of the offense charged nor sets forth the aggravating element of possession of a deadly weapon. However, to accept the appellants' contention that the verdict thereby constituted a finding of guilty to the least degree of the offense charged would, in this case, be to exalt form over substance.

As we noted *supra,* the appellants were charged in count five with theft of drugs with a deadly weapon which, in essence, is a violation of R.C. 2925.21(C) and a felony of the first degree. The trial court instructed the jury on the essential elements of theft of drugs as charged in count five, including the element of possession of a deadly weapon. The jury thereupon returned a verdict of guilty of theft of drugs as charged in count five and a specific finding that the appellants, at the time of the offense, possessed or controlled a firearm. R.C. 2923.11(B) defines a firearm as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant."[3] Thus, in determining that the appellants possessed or controlled a firearm, the jury necessarily found actual or constructive possession of a deadly weapon.

In light of the considerations set forth above, an additional finding of possession of a deadly weapon would be unnecessarily redundant. We, therefore, find the verdict form for count five to be in substantial compliance with R.C. 2945.75(A)(2) when the form, in essence, states the presence of the aggravating element of possession or control of a deadly weapon. Accordingly, we overrule that portion of the appellants' fifth assignment of error which challenges the trial court's authority to impose sentence as for a first-degree felony upon their convictions for theft of drugs.

## VI

To summarize, we determined in response to the appellants' second assignments of error that aggravated robbery as charged in count four and theft of drugs as charged in count five are allied offenses of similar import and were committed together and with the same animus as to each offense. We, therefore, concluded that the appellants could be sentenced on only one of the two offenses. Accordingly, we remand the matter to the trial court for resentencing on either count four or count five.

We further found, in our disposition of Lundy's fourth assignment of error, that the state failed to adduce sufficient evidence to support his conviction of aggravated robbery as charged in count one of the indictment when the conviction was based solely upon the uncorroborated testimony of

---

[3] R.C. 2923.11(B) defines a firearm for purposes of the statutes proscribing weapons offenses, R.C. 2923.11 through 2923.24. However, R.C. 1.42 establishes the rule of construction for words and phrases employed in the Revised Code and provides, in relevant part, that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, should be construed accordingly." The word "firearm" has acquired a particular meaning by legislative definition. Thus, in the absence of a contrary definition for purposes of R.C. 2925.21, the word "firearm" must be construed consistent with R.C. 2923.11(B).

an accomplice. We, therefore, reverse the judgment of conviction entered on count one and order that Lundy be discharged with respect to that count.

We held with respect to the first issue presented for review in Lundy's fifth assignment of error, that the trial court exceeded its authority in sentencing Lundy for drug abuse as charged in counts six and seven of the indictment and trafficking as charged in count eight. Accordingly, we remand to the trial court for resentencing on counts six, seven and eight in accordance with this decision.

Finally, we found the balance of the appellants' remonstrations, in which they challenge, in whole or in part, the remaining counts upon which they were convicted, to be untenable. We, therefore, affirm the balance of the judgments entered below.

*Judgments affirmed in part, reversed in part and causes remanded.*

SHANNON, P.J., DOAN and UTZ, JJ., concur.