[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The appeal is from the judgment entered upon the verdict of the jury finding the appellant guilty of nonsupport of a dependent as he stood charged in the sole count of the indictment drawn pursuant to R.C. 2919.21(A).
The first assignment of error is overruled because the record establishes that the appellant effectively waived his right to counsel after the court made sufficient inquiry to determine that the appellant fully understood, and was intelligently relinquishing, that right. See State v. Gibson (1976), 45 Ohio St.2d 366,345 N.E.2d 399.
The second assignment is overruled because the record does not reveal indicia sufficient to have persuaded the court to order, sua sponte, an evaluation of appellant's competence to stand trial. A right to a competency hearing rises to the level of a constitutional guarantee when the record contains sufficient indicia of incompetency so that inquiry into the defendant's competency is necessary to ensure his right to a fair trial. SeeState v. Berry (1995), 72 Ohio St.3d 354, 650 N.E.2d 433.
The third and fourth assignments of error are overruled because the record does not demonstrate that the court denied appellant any compulsory process for obtaining witnesses in his favor or that the court abused its discretion in denying appellant's request for further delay of his trial.
The fifth assignment is overruled because the form in which the jury returned the verdict complied substantially with R.C. 2945.75(A)(2). See State v. Lundy (1987), 41 Ohio App.3d 163,535 N.E.2d 664.
The sixth assignment is overruled because the record establishes conclusively that the defendant failed to provide any support for his dependent daughter between June 29, 1994, and June 30, 1996, as charged in the indictment. We are convinced that the state's evidence was sufficient both in law and in probative value to convince reasonable minds beyond a reasonable doubt of appellant's guilt. See State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
None of the assignments having merit, we affirm the judgment of the Hamilton County Court of Common Pleas.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.