[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Byron Harrington appeals the judgment of the trial court convicting him, following a jury trial, of failure to comply with the signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B). For the following reasons, we affirm the judgment below.
In his sole assignment of error, Harrington asserts that the verdict form for the failure-to-comply charge was insufficient to convict him of that crime. We disagree.
Harrington was indicted for willfully operating a motor vehicle in order to flee from a police officer after receiving a visible or audible signal to stop the car.[1] Normally, a conviction pursuant to R.C.2921.331(B) is a misdemeanor of the first degree, but if the "operation of the motor vehicle by the offender was a proximate cause of [or caused a substantial risk of] serious physical harm to persons or property," then the seriousness of the failure-to-comply charge increases to a third-degree felony.[2] Harrington argues that the verdict form failed to make either of the two possible additional findings necessary to increase the seriousness of the offense and, thus, that he should have been convicted and sentenced for a first-degree misdemeanor instead of a third-degree felony.
R.C. 2945.75(A)(2) requires that when the presence of an additional element would make an offense more serious, a guilty verdict must state "either the degree of the offense of which the offender [was] found guilty, or that such additional element or elements [were] present." When these requirements are absent from the verdict form, the guilty verdict should be construed as "a finding of guilty of the least degree of the offense charged." Here, the verdict form did not contain the degree of the offense or specifically find the aggravating elements that were necessary to increase the seriousness of the offense to a third-degree felony. Nevertheless, we hold that the verdict substantially complied with R.C. 2945.75(A)(2).[3]
The verdict form indicated that the jury had found Harrington guilty "as charged in Count 1 of the Indictment," and the indictment included the aggravating elements necessary to increase the seriousness of the offense to a third-degree felony. Furthermore, the trial court specifically instructed the jury on the aggravating elements and defined the terms of the elements, including, "substantial risk," "risk," "serious physical harm to persons" and "serious physical harm to property."
Harrington cites to State v. Holloman[4] to support his argument that the verdict form was not in compliance with R.C. 2945.75(A)(2). InHolloman, we reversed the defendant's conviction of theft, a fifth-degree felony, because the verdict form failed to indicate that the value of the property stolen was in excess of $500. But we limited our holding inHolloman to the facts in that case. We noted in reversing the conviction that Holloman was a theft case, that the sole reason for the trial was to contest the value of the stolen property and that the state had failed to present sufficient evidence to establish that the value of the property was over $500.[5] In the case sub judice, there was competent evidence presented at trial that Harrington's operation of the car had caused a substantial risk of physical harm to people and that his operation of the car had caused substantial damage to property. The jury was not left in any doubt that the additional elements necessary to raise the seriousness of the offense had been substantiated.
Because the jury was charged with the aggravating circumstances that raised the level of the failure-to-comply-charge to a felony, the verdict form read "as charged in the indictment," and there was sufficient evidence substantiating the aggravating circumstances, we hold that the verdict form substantially complied with R.C. 2945.75(A)(2).[6]
Accordingly, the single assignment of error is overruled and the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2921.33.1(B).
[2] See R.C. 2921.33.1(C)(5)(a)(i) and (ii).
[3] State v. Lundy (1987), 41 Ohio App.3d 163, 535 N.E.2d 664.
[4] (Sept. 14, 2001), 1st Dist. No. C-000866.
[5] Id.
[6] See State v. Woods (1982), 8 Ohio App.3d 56, 455 N.E.2d 1289;State v. Hawkins (May 16, 1997), 11th Dist. No. 96-P-0213.