[Cite as *State v. Bulger*, 2011-Ohio-3828.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 94665, 94666, 94667**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEON BULGER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-521783, CR-526276, and CR-526612

**BEFORE:** Cooney, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 4, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Erica Barnhill
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1}   Defendant-appellant, Deon Bulger ("Bulger"), appeals his conviction for having a weapon while under disability.   Finding no merit to the appeal, we affirm.

{¶ 2}   In March 2009, Bulger was indicted on one count of drug possession, two counts of drug trafficking, and one count of possession of criminal tools.   He pled guilty to one count of drug trafficking, and the remaining counts were nolled.   Bulger was sentenced to one year of community control sanctions.[1]

---

[1]   Common Pleas Case No. CR-521783 — Cuyahoga App. No. 94665; no assignments of error pertaining to this case have been raised.

{¶ 3}   In July 2009, Bulger was indicted for burglary, drug possession, and drug trafficking.   He pled guilty to burglary and drug trafficking, and was sentenced to four years in prison.[2]

{¶ 4}   In July 2009, Bulger was indicted again for drug possession, drug trafficking, possession of criminal tools, having a weapon under disability, and tampering with evidence.[3] His codefendant, Byron Turner ("Turner"), was also charged in connection with this case.[4] Both defendants waived a jury trial, and the cases were tried to the bench.

{¶ 5}   The following evidence was adduced at trial.   On July 1, 2009, Cleveland police organized a "buy-bust" operation.   Detective Luther Roddy ("Det. Roddy") drove the confidential reliable informant ("CRI") to the buy site.   Det. Roddy parked his undercover car nearby and observed the CRI approach the suspected dealer in the driveway of a home.   Another officer, Detective Michael Raspberry ("Det. Raspberry"), was also observing nearby from another undercover car.   Both detectives observed the CRI engage in conversation with a man later identified as Turner.   The detectives observed the CRI back away from Turner and then quickly leave the scene.   The CRI returned to Det. Roddy's car and informed him that Turner had a gun.

---

[2]   Common Pleas Case No. CR-526612 — Cuyahoga App. No. 94667; no assignments of error pertaining to this case have been raised.

[3]   Common Pleas Case No. CR-526276 — Cuyahoga App. No. 94666; two assignments of error pertaining to this case have been raised.

[4]   Turner was found guilty of carrying a concealed weapon.   This court affirmed his conviction in *State v. Turner*, Cuyahoga App. No. 94617, 2010-Ohio-6475.

{¶ 6}  Det. Roddy informed the other units, and police immediately converged on the house.   Detective Frank Woyma, one of the responding officers, observed Turner quickly take a dark object from his waistband and hand it to another man, later identified as Bulger.   Bulger then ran into the house as the officers approached.   Bulger was apprehended on the first floor, and a gun was discovered in the basement.   Turner and Bulger were arrested and charged.

{¶ 7}  At trial, a joint motion to suppress evidence was filed and denied.   This motion to suppress pertained only to the search inside the house and seizure of the items discovered inside, and made no mention of any statement made by the CRI.   Bulger also filed a Crim.R. 29 motion, which was granted in part, dismissing the drug possession and drug trafficking charges. Bulger was found guilty of having a weapon under disability and not guilty of all the remaining charges.   He was sentenced to four years for having a weapon under disability, to run concurrently to the four-year prison sentence in the burglary case.

{¶ 8}  Bulger raises two assignments of error in this delayed appeal.

{¶ 9}  In his first assignment of error, Bulger argues that the trial court erred by admitting hearsay evidence.

{¶ 10} The admission or exclusion of evidence is a matter left to the trial court's sound discretion; therefore, it will not be disturbed absent an abuse of discretion.   *State v. Lundy* (1987), 41 Ohio App.3d 163, 169, 535 N.E.2d 664; *State v. Duncan* (1978), 53 Ohio St.2d 215, 219, 373 N.E.2d 1234.   An abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment.   *Blakemore v. Blakemore* (1983), 5 Ohio St.2d 217, 215 N.E.2d 384.

{¶ 11} Bulger argues that the CRI's statement to Det. Roddy, that Turner "had a gun," does not fall under any of the hearsay exceptions and, therefore, the trial court erred in admitting it. The State argues that the CRI's statement falls under the present sense impression exception and was, therefore, properly admitted.

{¶ 12} The "present sense impression" exception, under Evid.R. 803(1), allows for the admission of:

{¶ 13} "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness."

{¶ 14} The rationale for allowing such statements is based on the lack of time available for reflection, and immediacy is strictly required. *Neal v. Johnson,* Cuyahoga App. No. 83124, 2004-Ohio-743; *United States v. Lentz* (E.D.Va.2002), 282 F.Supp.2d 399, 410.

{¶ 15} "The key to the statement's trustworthiness is the spontaneity of the statement, either contemporaneous with the event or immediately thereafter. By making the statement at the time of the event or shortly thereafter, the minimal lapse of time between the event and statement reflects an insufficient period to reflect on the event perceived — a fact which obviously detracts from the statement's trustworthiness." *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 35, 534 N.E.2d 855.

{¶ 16} In the instant case, the CRI's statement "he had a gun" clearly constitutes a description of the event the CRI had just perceived. It is also apparent from the testimony of Det. Roddy that the CRI made the statement "while [he] was perceiving the event or condition, or immediately thereafter." Moreover, the short time-frame between when the CRI saw Turner

with the gun, and the moment he told Det. Roddy about the weapon indicates a level of trustworthiness that allows this statement to conform to Evid.R. 803(1). Therefore, the CRI's statement to Det. Roddy constitutes an exception to the hearsay rule.

{¶ 17} Thus, the trial court did not abuse its discretion when it admitted this evidence under a hearsay exception. Accordingly, the first assignment of error is overruled.

{¶ 18} In his second assignment of error, Bulger argues that the trial court erred by admitting the CRI's statement because it violated his Sixth Amendment right under the Confrontation Clause, pursuant to *Crawford v. Washington (*2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 19} "The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against him." S*tate v. Swaby*, 9th Dist. No. 24528, 2009-Ohio-3690, at ¶6, citing *Crawford*. In *Crawford*, the United States Supreme Court held that the testimonial statement of a witness who is absent from trial is to be admitted only when the declarant is unavailable, and only when the defendant has had a prior opportunity to cross-examine the declarant. Id. at 39.

{¶ 20} Although the *Crawford* court declined to provide an exhaustive definition of "testimonial," it stated that the term encompasses, at a minimum, statements arising from preliminary hearings, grand jury investigations, previous trials, and police interrogations. Id. at 53. The court further recognized as testimonial those statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 52.

{¶ 21} This identical issue has previously been addressed by this court in Bulger's codefendant's appeal. In his third assignment of error, Turner argued that the trial court erred in allowing the testimony of Det. Roddy regarding the CRI's statement following the failed buy-bust, in violation of Turner's Sixth Amendment right to confront the CRI. This court found that:

> "[t]he record reflects that Roddy and Raspberry both observed the CRI walk up the driveway, where he spoke briefly with Turner, who indicated a dark object in his waistband. The detectives saw the CRI suddenly back away; he returned to Roddy's car in 'less than a minute,' and, in answer to Roddy's question, 'did you get anything,' the CRI 'immediately' answered negatively, adding, 'he pulled a gun on me and told me to get the f— out of there, so I came right back to you.'

{¶ 22} "Based upon the circumstances thus presented, this court cannot find the trial court abused its discretion in admitting this testimony. The CRI could not have expected his statement to be used as evidence at trial, and the lack of time between the event and the CRI's statement indicates its trustworthiness. *State v. Travis*, 165 Ohio App.3d 626, 2006-Ohio-787, 847 N.E.2d 1237." *Turner* at ¶38-39.

{¶ 23} In accordance with this court's disposition on this same issue, we find the CRI's statement was not made in anticipation of trial and is, therefore, not testimonial in nature. Thus, there is no *Crawford* violation, and the trial court did not abuse its discretion by allowing Det. Roddy to testify regarding the CRI's statement.[5]

{¶ 24} Accordingly, Bulger's second assignment of error is overruled.

---

[5] Bulger's counsel raised at oral argument the application of *Michigan v. Bryant* (2011), ___ U.S. ____, 131 S.Ct. 1143, 179 L.Ed.2d 93, for the proposition that there was no ongoing emergency to allow the CRI's statement. We find the *Bryant* case distinguishable because the instant case is not being viewed as an emergency to which police responded.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE CONCURRING OPINION ATTACHED.

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 25} I concur in the judgment and analysis of the majority based on our decision in *State v. Turner,* Cuyahoga App. No. 94617, 2010-Ohio-6475. I write separately to briefly address matters raised by Bulger's counsel at oral argument in this case not referenced by the majority.

{¶ 26} First off, I believe this case could have been resolved and affirmed independently of the statement made by the CRI. In my view, the police conduct fell within the acceptable parameters of the Fourth Amendment, independent of the CRI's statement. Simply put, the admisssion of the CRI's statement was unnecessary to sustain a conviction in this case.

Nevertheless, the "pesky" admission of this statement and the legacy of confrontation analysis under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177; *Davis v. Washington* (2006), 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224; *Melendez-Diaz v. Massachusetts* (2009), 557 U.S. ____, 129 S.Ct. 2527, 174 L.Ed.2d 314; and *Michigan v. Bryant* (2011), 562 U.S. ____, ____, 131 S.Ct. 1143, 179 L.Ed.2d 93, is what is really driving appellant's concerns in this case.

{¶ 27} Appellant's counsel is concerned that this case will stand for the proposition that the "reliability" of so-called nontestimonial statements will begin to rule the day over the preferred standard of "confrontation" outlined under *Crawford*. It is a legitimate concern, but one not likely to be resolved by an intermediate appellate court. I would not read the majority opinion here to mean that the facts in this case are analogous to *Michigan v. Bryant,* and suggest the mere presence of a gun will always mean an "emergency" exists or is "ongoing." The facts here are quite different.

{¶ 28} In *Bryant*, the police responded to a call and questioned the victim prior to his death in an effort to address the ongoing emergency of having a "soon to be dead" body lying in the street. In our case, the question asked by Officer Roddy of the CRI was not designed to meet an ongoing emergency. In our case, the CRI responded negatively to Roddy's question "did you get anything?" The CRI then added, "he pulled a gun on me and told me to get the f— out of there, so I came right back to you." One might argue that this statement created an emergency situation, but it is not analogous to the situation in *Bryant* where the offender fled the scene and his whereabouts were unknown. In this instance, Bulger was under police observation and was quickly apprehended. While the primary purpose of Roddy's question

might not have been to meet an ongoing emergency, that does not make it testimonial and thus inadmissible under *Crawford*.  Like it or not, the statement must be analyzed under the totality of the circumstances, and it certainly falls within the class of statements referenced as present sense impressions as outlined by the majority.