[Cite as *R2H, L.L.C. v. E-Poch Properites, L.L.C.*, 2011-Ohio-4413.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96012**

**R2H, LLC**

PLAINTIFF-APPELLEE

vs.

**E-POCH PROPERTIES, LLC, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-630548

**BEFORE:** Cooney, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 1, 2011
**FOR APPELLANT**

**For Jamie Melvin**

Jamie Melvin, pro se
1770 Horseshoe Blvd.
Westlake, Ohio 44145

**ATTORNEY FOR APPELLEE**

**For R2H, LLC**

Brian J. Green
Shapero & Green LLC
Signature Square II
25101 Chagrin Blvd., Ste. 220
Beachwood, Ohio 44122

**For Nick Gautam, Receiver**

Kimberly A. Brennan
Charles A. Nemer
McCarthy, Lebit, Crystal & Liffman Co.
1800 Midland Building
101 Prospect Avenue W.
Cleveland, Ohio 44115

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Jamie Melvin ("Melvin"), pro se, appeals the trial court's order granting an amended motion for authority to sell personal property filed by the receiver for plaintiff-appellee, R2H, LLC ("R2H"). Finding no merit to the appeal, we affirm.

{¶ 2} Melvin is the owner and operator of E-Poch Properties ("E-Poch"). E-Poch owned the building located at 1455 East 185th Street ("the building"). Melvin is also the

manager of Sansai Environmental Technologies, LLC ("Sansai"), a company that manufactures organic potting material and cultivates earthworms in large quantities ("personal property" or "the property"). Sansai's operation was housed within the building.

{¶ 3} E-Poch entered into loan and mortgage agreements with R2H. In 2007, when E-Poch began to default on these agreements, R2H filed a complaint against E-Poch. The court found in favor of R2H and appointed Nick Gautam as receiver ("the receiver").

{¶ 4} The receiver became the owner and operator of the building, and in turn, Sansai became a tenant and was required to pay rent. When Sansai failed to pay rent, the receiver moved to evict Sansai. Melvin, as the owner and operator of Sansai, agreed to a court order that allowed him 30 days to remove the personal property from the building. The order stipulated that if after the 30 days the property remained in the building, it would be considered abandoned and would become the personal property of the receiver. Despite having personally signed this order, Melvin failed to remove the property from the building. In July 2010, a court order granted the receiver's motion to expand the receivership to include all Sansai property abandoned in the building.

{¶ 5} In August 2010, the receiver filed a motion for authority to sell the personal property by private sale. A hearing was held, and an agreement was announced between Melvin and the receiver. The receiver agreed not to sell the property pending Melvin's

reaching an agreement with R2H regarding the building prior to September 17, 2010. However, Melvin failed to reach any agreement with R2H prior to the deadline. Thus, the trial court granted the receiver's original motion to sell the property.

{¶ 6} In October 2010, the receiver filed an amended motion for authority to sell the personal property. The motion sought an amendment of the value based on the actual value of the property as opposed to the value Melvin had originally estimated. Melvin objected in writing to the motion, arguing that the newly proposed sale price was too low. A hearing was held, at which Melvin was represented by counsel. Documentary evidence, as well as affidavits, were submitted to the trial court in support of Melvin's objection. Counsel for Melvin and for the receiver were invited to address the court. After hearing from both sides, the trial court ordered that the personal property be sold at the amended price.

{¶ 7} It is from this order that Melvin now appeals, raising two assignments of error.

{¶ 8} In his first assignment of error, Melvin argues that the trial court erred in granting the motion without accepting evidence and testimony, in violation of his right to due process. In his second assignment of error, Melvin argues that the trial court abused its discretion in denying him the opportunity to present witnesses during the hearing on the amended motion. Both assignments of error relate to the same facts and applicable law and will, therefore, be addressed together.

{¶ 9} The admission or exclusion of evidence is a matter left to the trial court's sound discretion; therefore, it will not be disturbed absent an abuse of discretion. *State v. Lundy* (1987), 41 Ohio App.3d 163, 169, 535 N.E.2d 664; *State v. Duncan* (1978), 53 Ohio St.2d 215, 219, 373 N.E.2d 1234. An abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.2d 217, 215 N.E.2d 384.

{¶ 10} However, Melvin's counsel failed to object to the trial court's exclusion of testimonial evidence during the hearing, thus waiving all but plain error. *State v. Sutton*, Cuyahoga App. No. 90172, 2008-Ohio-3677, citing *State v. Childs* (1968), 14 Ohio St.2d 56, 263 N.E.2d 545. "A plain error does not exist unless, but for the error, the outcome of the trial would have been different." *State v. Joseph*, 73 Ohio St.3d 450, 455, 1995-Ohio-288, 653 N.E.2d 285. Moreover, as the Ohio Supreme Court stated in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099, at syllabus:

{¶ 11} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

{¶ 12} In the instant case, Melvin concedes that he was given notice and an opportunity to be heard. Melvin's counsel addressed the trial court at the hearing and argued at great length in support of denying the motion. During the course of his argument, counsel mentioned that the property is worth a great deal more than the original estimate and that he could "show that that [sic] inventory is worth way over $150,000 from the testimony of the people who know what they're talking about * * *." This was the only mention of possible witnesses made during the hearing. At no time did counsel ask the court to hear from any witnesses, nor did counsel specify who was present to testify or the substance of their testimony. As the receiver correctly argues in its brief, Melvin failed to proffer the substance of the "excluded" testimony, thus barring our review on appeal.

{¶ 13} The trial court asked counsel twice if he had any further objections. The first time counsel responded with more objections but never mentioned the need for witnesses. The second time, trial counsel indicated no objection by responding, "That's basically it, your Honor." After counsel for the receiver spoke, the trial court proceeded directly to issue its order. No objection was made to the court's ruling, nor was any objection made to preserve this issue on the record after the order had been given. No proffer was made. Thus, the record clearly indicates that trial counsel for Melvin was given ample opportunity to either

request specifically that the court hear from witnesses or to object to the trial court's rendering a decision without hearing from witnesses.

{¶ 14} Moreover, Melvin suffered no prejudice by his inability to elicit witness testimony because the trial court ordered the property be sold to the original buyer for $69,522. Melvin had argued that the property should be sold to a new buyer for $70,000, a de minimis difference.

{¶ 15} Thus, after a careful review of the transcript, we cannot say that failing to hear from Melvin's witnesses seriously affected the final outcome of the hearing. We find no plain error nor any violation of Melvin's due process rights.

{¶ 16} Accordingly, both of Melvin's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR